IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION § <br> as subrogee of DEBRA and THEODORE § <br> NOMBRANA; § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TITEFLEX CORPORATION § <br> § <br> § <br> Defendant. § | Case No.: <br><br><br><br> **JURY DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, Liberty Insurance Corporation as subrogee of Debra and Theodore Nombrana, by and through its attorney of record, and for its Complaint against Titeflex Corporation, states as follows:

## PARTIES

1. Plaintiff, Liberty Insurance Corporation ("Liberty") is a corporation duly organized and existing under the laws of the State of Massachusetts and with a principle place of business located at 175 Berkeley Street, Boston, MA 02117. At all relevant times, Liberty was duly authorized to issue policies of insurance in the State of Oklahoma.

2. Defendant, Titeflex Corporation ("Titeflex"), is a corporation organized and existing under the laws of the State of Connecticut, with a principle place of business located at 603 Hendee Street, Springfield, Massachusetts 01104. All times relevant, Titeflex was engaged in the business of manufacturing and distributing, *inter alia*, corrugated stainless steel tubing ("CSST") under the product name "Gastite." Defendant engages in business in Oklahoma but has not designated or maintained a registered agent for service of process in Oklahoma. Defendant

may be served with process by serving its registered agent for the State of Connecticut as follows:

CT Corporation System
Registered Agent of Titeflex Corporation
One Corporate Center
Hartford, CT 06103-3220

## JURISDICTION AND VENUE

3. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as the acts and omissions that gave rise to this matter took place in this jurisdiction.

## FACTS

5. At all times material hereto, Liberty's insureds, Debra and Theodore Nombrana, ("Nombrana"), owned and resided at the real property located at 3201 Billy Court, Edmond, Oklahoma 73034 ("Nombrana Residence").

6. At all times material hereto, Liberty provided property insurance to Nombrana pursuant to a policy of insurance No. H3729846939440.

7. At all times material hereto, Titeflex was engaged in the business of designing, manufacturing, distributing, and selling Gastite CSST for use in the distribution of natural gases in various types of residential natural gas systems.

8. The Nombrana Residence featured a natural gas distribution system which utilized Gastite corrugated stainless steel tubing to transport natural gas to appliances. The CSST was installed in accordance with the manufacture's specifications and guidelines.

9. On or about October 22, 2011, the Nombrana Residence was severely damaged by fire when lighting struck the residence. The energy from the lightning strike, in attempting to travel to ground, migrated to the CSST and created a hole in the CSST, releasing natural gas. The heat from the melting event simultaneously ignited the escaping gas, causing a fire ("the fire") which substantially damaged the Nombrana Residence and the Nombrana's real and personal property.

10. At all times material hereto, Titeflex was aware that the Gastite CSST product was defective as designed due to its inability to withstand, safely conduct and dissipate all currents which were likely to be imposed. This would include lightning current which, in states such as Oklahoma, lightning is extremely common and foreseeable.

11. Prior to the sale of the Gastite CSST product for use in the Nombrana residence, Titeflex was aware of the numerous catastrophic failures, in both Oklahoma and Texas, involving Gastite CSST that had been energized by lightning. Despite being aware of the failures and the risks associated with the sale and use of the Gastite CSST product in Oklahoma and other jurisdictions, Titeflex nevertheless continued to manufacture the product and distribute it for sale and use in those jurisdictions.

12. As a result of the fire, Nombrana made a claim to Liberty pursuant to a policy of insurance, and Liberty has reimbursed Nombrana for its claims in an amount in excess of $367,790.10. As such, Liberty is legally, equitably and contractually subrogated to the claims of Nombrana against any responsible third parties, including Defendant Titeflex.

# COUNT I
# STRICT PRODUCTS LIABILITY

13. Plaintiff incorporates paragraphs one (1) through twelve (12) as though fully set forth herein.

14. The Gastite CSST was not abused or altered in any way by the Plaintiff's insureds from the condition in which it was manufactured and supplied by the Defendant.

15. The Defendant is strictly liable to the Plaintiff for the for each of the acts and/or omissions identified below:

   a. Failing to properly develop the Gastite CSST product with an adequate exterior skin and coatings so that the product was able to tolerate normal and expected conditions in the environment where it is installed;

   b. Failing to design its Gastite CSST product with a wall thickness that is capable of withstanding anticipated and foreseeable weather conditions;

   c. Failing to properly inspect and test the design and construction of its product before distributing the product to the public;

   d. Carelessly and negligently advertised its product as a suitable replacement for black iron pipe when it was incapable of withstanding normal and expected conditions in the environment where it was installed;

   e. Failing to warn Plaintiff's insureds of the substantial risk of fire or similar peril presented by the normal use of its product;

   f. Failing to provide the Plaintiff's insureds with a product that was capable of withstanding damage to its integrity resulting from expected and typical electrical storms and lightning common to the area;

   g. Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to Nombranas' real and personal property;

   h. Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices; and

   i. Failing to issue a post-sale warning of the known deficiencies and dangers associated with its Gastite CSST product.

16.     As a direct result of the Defendant's acts and omissions, the fire of October 22, 2011 occurred resulting in damage to the Plaintiffs' property for which Plaintiffs respectfully requests that this Court enter judgment in their favor and against defendant Titeflex in an amount in excess of $367,790.10, together with interest and the costs of this action.

## COUNT II
## NEGLIGENCE

17.     Plaintiff incorporates paragraphs one (1) through twelve (12) as though fully set forth herein.

18.     At all relevant times, Defendant Titeflex owed Plaintiff's insureds and Plaintiff a duty to use reasonable care in the development, production and marketing of the Gastite CSST product that was used in the Nombrana Residence.

19.     Defendant Titeflex breached its aforesaid duty to Liberty and Nombrana in one or more of the following ways:

    a.   Failing to properly develop the Gastite CSST product with an adequate exterior skin and coatings so that the product was able to tolerate normal and expected conditions in the environment where it is installed;

    b.   Failing to design its Gastite CSST product with a wall thickness that is capable of withstanding anticipated and foreseeable weather conditions;

    c.   Failing to properly inspect and test the design and construction of its product before distributing the product to the public;

    d.   Carelessly and negligently advertised its product as a suitable replacement for black iron pipe when it was incapable of withstanding normal and expected conditions in the environment where it was installed;

    e.   Failing to warn Plaintiff's insureds of the substantial risk of fire or similar peril presented by the normal use of its product;

    f.   Failing to provide the Plaintiff's insureds with a product that was capable of withstanding damage to its integrity resulting from expected and typical electrical storms and lightning common to the area;

  g. Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to Nombranas' real and personal property;

  h. Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices; and

  i. Failing to issue a post-sale warning of the known deficiencies and dangers associated with its Gastite CSST product.

20 As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, Liberty's insured, Nombrana, sustained damage to real and personal property in an amount in excess of $367,790.10, exclusive of interest and costs, for which Defendant Titeflex is legally liable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable as of right by a jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant Titeflex be cited to appear and answer herein and that, upon a final hearing, the Court enter judgment against Defendant Titeflex, in favor of Liberty Insurance Corporation as subrogee of Debra and Theodore Nombrana for a sum in excess of the jurisdictional limits of this Court, with prejudgment interest at the legal rate, post-judgment interest at the legal rate, court costs, attorneys' fees, and for such other and further relief, both at law and in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted:

/*s*/Bruce F. Klein
BRUCE F. KLEIN
OBA #: 11389
**BRUCE F. KLEIN, PLLC**
222 N.W. 13th Street
Oklahoma City, Oklahoma  73103
(405) 606-4448 Telephone
(405) 523-2108 Facsimile
bruce@bfkleinlaw.com

and
COZEN O'CONNOR
BY:    MARCOS HAZAN-COHEN
State Bar No. 24012807
1717 Main Street, Suite 3400
Dallas TX  75201
(214) 462-3000 (Telephone)
(214) 462-3299 (Facsimile)
OF COUNSEL

**ATTORNEYS FOR PLAINTIFFS**